# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 4959 | **DATE** | 3/24/2004 |
| **CASE TITLE** | Builders Bank vs. First Bank & Trust Co., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Enter Memorandum Opinion and Order: Builders Bank's motion to strike (7-1) First Bank's affirmative defenses is granted in part and denied in part.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAR 25 2004 | 286 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 3/24/2004 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| GL | courtroom deputy's initials | | GL. | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

BUILDERS BANK, an Illinois state chartered bank,

    Plaintiff,

v.

FIRST BANK & TRUST COMPANY OF ILLINOIS, an Illinois state chartered bank, MICHAEL WINTER, and ROBERT HERSHENHORN,

    Defendants.

FIRST BANK & TRUST COMPANY OF ILLINOIS, an Illinois state chartered bank,

    Counter-claimant,

v.

BUILDERS BANK, an Illinois state chartered bank,

    Counter-defendant.

Case No. 03 C 4959

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

    Plaintiff Builders Bank filed a complaint against Defendant First Bank and Trust Company of Illinois ("First Bank"). First Bank answered the complaint, brought a counter-claim against Builders Bank, and asserted eight affirmative defenses. Builders Bank now moves to strike the affirmative



defenses for failure to comply with the basic pleading requirements of Federal Rule of Civil Procedure 8(a).[1] For the reasons set forth below, we grant in part and deny in part the Motion to Strike.[2]

## BACKGROUND

In its complaint, Plaintiff Builders Bank alleges that the defendants, including First Bank, wrongfully induced Builders Bank to purchase loans that were in default or otherwise non-performing. The defendants allegedly convinced Builders Bank that the loans were good by extending their due dates so that they would not appear to be in default. Builders Bank has now brought the present action against First Bank to recoup some of the losses it incurred in dealing with the defaulted loans. Specifically, Builders Bank's complaint includes state law conspiracy and fraudulent misrepresentation charges against First Bank as well as allegations that First Bank violated the federal Racketeer Influenced and Corrupt Organizations Act ("RICO") 18 U.S.C. § 1961, *et seq*.

First Bank's Answer contained the following affirmative defenses, all of which Builders Bank now moves to strike:

vi. Plaintiff fails to state a claim upon which relief can be granted.

---

[1] Motions to strike must be filed within twenty days after service of the pleading upon the party. Fed. R. Civ. P. 12(f). In this case, plaintiffs received service of the Answer on August 11, 2003 and the Motion to Strike was filed on September 18, 2003. The plaintiff is technically time-barred from bringing its motion because it was filed 38 days after plaintiffs received service of the Answer. However, this court has discretion to consider a motion to strike on its own initiative at any time, so we will consider the merits of plaintiff's motion. *See Williams v. Jader Fuel Co., Inc.*, 944 F.2d 1388, 1400 (7th Cir. 1991) (noting that a district court may, in its discretion, consider a motion to strike that has been filed after the twenty day deadline).

[2] Subject matter jurisdiction over this matter is premised on 28 U.S.C. § 1331 because several of the claims "arise under" the laws of the United States. Specifically, three of the claims alleged are brought pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq*.

vii. Plaintiff seeks relief that is barred by the Builders Bank Letter of Credit (as defined in the Counterclaim) and other agreements between the parties.

viii. Plaintiffs [sic] claims are barred in whole or in part by the applicable statute(s) of limitations.

ix. Plaintiff is barred under the doctrine of unclean hands, and other equitable doctrines, including waiver, estoppel, and laches, from seeking relief against First Bank.

x. Plaintiff has failed to allege an "enterprise" within the meaning of 18 U.S.C. § 1961(4).

xi. Plaintiff has failed to allege a "person" that is separate and distinct from an "enterprise."

xii. Plaintiff has failed to allege a "pattern of racketeering activity" as required by 18 U.S.C. § 1961(5).

xiii. Plaintiff has failed to allege an injury that is redressable under the RICO statute.

## ANALYSIS

Federal Rule of Civil Procedure 8(c) requires parties to set forth any affirmative defenses in their responsive pleadings and specifically lists nineteen defenses that are required to be pled "affirmatively." A motion to strike made pursuant to Rule 12(f) is the appropriate means of removing "impertinent or redundant matter in any pleading and is the primary procedure for objecting to an insufficient defense." *Van Schouwen v. Connaught Corp.*, 782 F. Supp. 1240, 1245 (N.D. Ill. 1991). Motions to strike affirmative defenses are generally disfavored because of their potential to delay proceedings. *United States v. 416.81 Acres of Land*, 514 F.2d 627, 631 (7th Cir. 1975) (citations omitted). Thus, such a motion should not be granted unless the defense is "patently defective." *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 833 F.2d 1286, 1294 (7th Cir. 1989). Nonetheless, a motion to strike can be a useful means of removing "unnecessary clutter" from a case. *Heller Fin.*, 833 F.2d at 1294.

In *Bobbit v. Victorian House, Inc.*, Judge Shadur set forth three factors that a court should consider in assessing the sufficiency of an affirmative defense. 532 F. Supp. 734, 737 (N.D. Ill. 1982) (cited with approval by *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1295 (7th Cir. 1989)). First, a court should assess whether the matter is appropriately pled as an affirmative defense. "Only matters that deserve a clear 'no' answer will be stricken to make the pleadings more concise." *Id.* Second, a court should consider whether the defense has been adequately pled pursuant to the requirements of Federal Rules of Civil Procedure 8 and 9. If a party fails to meet these basic pleading requirements, a court should dismiss the defense with leave to amend. Finally, a court should evaluate the sufficiency of the defense pursuant to the standard followed in assessing 12(b)(6) motions, *i.e.*, the defense should be stricken only if the defendant cannot prove any set of facts in support of the defense that would defeat the complaint. *Id.* Builders Bank's central arguments regarding the affirmative defenses in this case go to the second factor in the *Bobbitt* test, the issue of whether the defenses meet the pleading requirements of Rules 8 and 9. We therefore focus our attention primarily on that issue.

## I. Defenses 1, 5, 6, 7, & 8: Failure to State a Claim

In its first, fifth, sixth, seventh and eighth defenses, First Bank essentially asserts that Builders Bank's complaint has failed to state a claim upon which relief can be granted. Builders Bank objects to these defenses on the ground that they do not meet even the liberal notice pleading standards of Federal Rule of Civil Procedure 8(a). Because the defenses are merely legal conclusions, Builders Bank argues, they do not satisfy Rule 8(a)'s requirement that the pleader set forth a short and plain statement of the rationale behind the defense.

There has been some disagreement within the Northern District of Illinois about whether a party may properly assert "failure to state a claim" as an affirmative defense or whether that defense must be

4

raised in a separate motion pursuant to Rule 12(b)(6). *Compare Instituto Nacional de Comercializacion Agricola (Indeca) v. Continental Illinois Nat'l Bank and Trust Co.*, 576 F. Supp. 985, 991 (N.D. Ill. 1983) (striking the affirmative defense of failure to state a claim because a true affirmative defense raises matters outside of the plaintiff's complaint); *with Mendrala v. Crown Mortgage Co.*, No. 88-C-7386, 1990 WL 60705, * 3 (N.D. Ill. April 23, 1990) ("[I]t is also well settled that the failure-to-state-a-claim defense is a perfectly appropriate affirmative defense to include in the answer."). Certainly, the failure to state a claim defense does not fit within the traditional definition of an affirmative defense as a defense in which the defendant admits to the matters in a complaint but states nonetheless that the plaintiff is precluded from recovering for some reason. *Bobbit*, 532 F. Supp. at 736. It has been recognized by several judges in this district, however, that this technical difficulty is overcome by Form 20 of the Federal Rules of Civil Procedure's Appendix of Forms, which sets forth a list of model defenses. *See, e.g., Van Horn v. Chicago Roller Skate Co.*, 15 F.R.D. 22, 23 (N.D. Ill. 1953). The first model defense included in Form 20 is: "The complaint fails to state a claim against defendant upon which relief can be granted." Federal Rule of Civil Procedure 84 specifically authorizes the use of such defenses in pleadings, stating that, "[t]he forms contained in the Appendix of Forms are sufficient under the rules and are intended to indicate the simplicity and brevity of statement which the rules contemplate." We find that Form 20, read in light of Rule 84, constitutes an express authorization under the rules to plead an affirmative defense of failure to state a claim.

Even those courts that have allowed a party to assert a defense of failure to state a claim, however, have not read the Federal Rules so liberally as to allow the bare recitation of the legal standard ("failure to state a claim") without a short and plain statement of the basis for the defense, as is required by Rule 8(a). Defenses which are no more than bare bones legal conclusions are not sufficient to survive a motion to strike. *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1295 (7th Cir. 1989);

*Surface Shields, Inc. v. Poly-Tak Protection Sys., Inc.*, 213 F.R.D. 307, 308 (N.D. Ill. 2003); *Renalds v. S.R.G. Restaurant Group*, 119 F. Supp.2d 800, 803 (N.D. Ill. 2000); *Fleet Bus. Credit Corp. v. National City Leasing Corp.*, 191 F.R.D. 568, 569 (N.D. Ill. 1999). First Bank's first affirmative defense is nothing more than a legal conclusion in that it specifies no reason why Builders Bank failed to state a claim. It fails to even pinpoint which of the five claims asserted against First Bank is legally insufficient.

First Bank argues that we should read the first affirmative defense in conjunction with its fifth, sixth, seventh, and eighth defenses, each of which specifies a reason why Builders Bank's complaint should be dismissed. First Bank alleges with these defenses that Builders Bank failed to meet the basic pleading requirements for asserting a RICO claim by omitting certain information from its complaint. To survive a motion to dismiss on a RICO claim, a plaintiff must allege with particularity the 1) conduct; 2) of an enterprise; 3) through a pattern 4) of racketeering activity. *Richmond v. Nationwide Cassel, L.P.*, 52 F.3d 640, 644 (7th Cir. 1995) (citing *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985)). In defenses five though seven, First Bank argues that Builders Bank failed to properly allege the existence of an enterprise or a pattern of racketeering activity. In its eight defense, Builders Bank challenges First Bank's standing to bring a RICO claim on the ground that it failed to allege a redressable injury.

We find that these allegations are sufficient under Rule 8(a) to survive a motion to strike because they put Builders Bank on notice of the exact reasons why First Bank believes that the complaint fails to state a claim. *See Richmond v. Nationwide Cassle, L.P.*, 52 F.3d 640, 644 (7th Cir. 1995) (noting that the primary purpose of Rule 8(a) is to provide fair notice to the other party of the claims or defenses asserted against him).

Builders Bank argues that these statements are nothing more than legal conclusions, but it is difficult to see how First Bank could have provided any more information. An affirmative defense for failure to state a claim necessarily requires the person bringing the defense to point to the *absence* of some crucial fact or allegation from a complaint. Aside from noting the absence of certain facts, there is little other information a defendant possibly could include to strengthen his defense. (Notably, Builders Bank does not pinpoint the absence of any specific information that would mandate dismissal of the defenses). We thus deny the motion to strike with regard to defenses five though eight.

The question remains whether the allegations made in affirmative defenses five through eight are sufficient to redeem First Bank's first defense, which provides only the legal conclusion that plaintiffs have failed to state a claim. We find that they are not. If the first defense is merely included as a catch-all restatement of the principles elaborated in the fifth through eighth defenses, then it is redundant matter and may be struck as such. *See* Fed. R. Civ. P. 12(f) (allowing a court to strike "any redundant, immaterial, impertinent, or scandalous matter."). If, on the other hand, the first defense encompasses other (unnamed) reasons why Builders Bank has failed to state a claim, then the defense must be struck for failing to meet the basic pleading requirements of Rule 8(a) because it does not put the plaintiff on notice of the legal reasons for the deficiencies in its complaint. We therefore strike the first affirmative defense with leave to amend.

**Defense 2: Relief is Barred by Letter of Credit**

In its second affirmative defense, First Bank alleges that Builders Bank is precluded from obtaining any judgment because it owes First Bank $3.5 million pursuant to a letter of credit. According to First Bank's Answer and Counterclaim, First Bank made a loan to developer James Letchinger in

2000, backing up the loan by issuing a letter of credit to SCI Illinois Services, Inc. ("SCI"). In 2001, Builders Bank purchased the loan from First Bank. To ensure that First Bank would be reimbursed if it had to make good on its letter of credit to SCI, Builders Bank issued another letter of credit to First Bank. Indeed, SCI drew upon its letter of credit in June 2003 and First Bank was required to pay SCI $3.5 million. First Bank then allegedly presented its letter of credit to Builders Bank so that it would be reimbursed for the payment it made to SCI. Builders Bank refused to pay and instead brought the present complaint against First Bank. First Bank thus responded with a counterclaim requesting specific performance of the letter of credit.

As stated above, First Bank's second affirmative defense states that, "Plaintiff seeks relief that is barred by the Builders Bank Letter of Credit (as defined in the Counterclaim) and other agreements between the parties." (Answer, at 14.) Aside from the inclusion of the extremely vague phrase "and other agreements between the parties," this is the exact same allegation as First Bank makes in its counterclaim against Builders Bank. A court may reject an affirmative defense if it is superfluous. *Campania Management Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 850 (7th Cir. 2002). Accordingly, courts routinely strike affirmative defenses that raise essentially the exact same matters as are raised by the same party in a counterclaim or denial. *See, e.g., Menchaca v. American Med. Response of Illinois*, 6 F. Supp.2d 971, 972 (N.D. Ill. 1998). First Bank's second defense is therefore stricken as redundant.

## II. Defense 3: Statute of Limitations

Federal Rule of Civil Procedure 8(c) requires a party to affirmatively set forth the defense that the plaintiff's claim is barred by the applicable statute of limitations. First Bank's affirmative defense does make such an allegation but does not explain why the statute applies to bar the claims in this case.

8

Builders Bank charges that the statute of limitations defense should be struck pursuant to Rule 8(a) because it is nothing more than a bare bones legal conclusion.

In the past, several courts have struck statute of limitations defenses where the parties have not provided any specific information as to why the statute of limitations bars the claim. *See, e.g., Surface Shields, Inc. v. Poly-Tak Protections Sys., Inc.*, 213 F.R.D. 307, 308 (N.D. Ill. 2003). However, First Bank asserts that it cannot at this point determine when the plaintiff knew of its claims against the defendant and that it will not become informed on that point until discovery has been completed. This is a reasonable argument given that any information pertaining to Builders Bank's subjective knowledge is most likely in Builders Bank's own hands. *Cf. Cohn v. Taco Bell Corp.*, No. 92-C-5852 1995 WL 247996, * 5 (N.D. Ill. April 24, 1995) (refusing to strike a failure to mitigate damages defense because it would have been unreasonable to expect the defendant to have detailed information about mitigation at the early stages of litigation). It is only through discovery that First Bank can find out whether Builders Bank's claims are barred by the statute of limitations. Furthermore, First Bank waives its right to present evidence regarding the statute of limitations if it does not raise it as an affirmative defense in its answer. *Bobbit*, 532 F. Supp. at 736. It would be unjust to tell First Bank that it could not raise a matter as an affirmative defense because it does not have sufficient evidence to support that defense at this point and then to later bar First Bank from presenting evidence on that defense for failure to include it in its answer. We thus find that First Bank's statute of limitations defense comports with the requirements of Rule 8(a) and deny the motion to strike with regard to that defense.

## III. Defense 4: Equitable Relief

As stated above, First Bank's fourth affirmative defense states that: "Plaintiff is barred under the doctrine of unclean hands, and other equitable doctrines, including waiver, estoppel, and laches, from seeking relief against First Bank." Once again, Builders Bank argues that this defense does not provide

enough information to put it on notice of the nature of the defenses against it and thus that it does not comply with Rule 8(a). We agree.

Even under the liberal notice pleading standards of the Federal Rules of Civil Procedure, a defense must include some direct or inferential allegations as to each element of the defense asserted. *Renalds v. S.R.G. Restaurant Group*, 119 F. Supp.2d 800, 802 (N.D. Ill. 2000) (citations omitted). Bare bones legal conclusions are not sufficient to survive a motion to strike. *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1295 (7th Cir. 1989).

Courts have held time and time again that stringing together a long list of legal defenses is not sufficient to satisfy Rule 8(a)'s short and plain statement requirement. "It is unacceptable for a party's attorney simply to mouth ADs in formula-like fashion ('laches,' 'estoppel,' 'statute of limitations' or what have you), for that does not do the job of apprising opposing counsel and this Court of the predicate for the claimed defense - which after all is the goal of notice pleading." *State Farm Mut. Auto. Ins. Co. v. Riley*, 199 F.R.D. 276, 279 (N.D. Ill. 2001).

Furthermore, courts have set forth very specific pleading standards for the defenses of waiver, estoppel, and laches and have consistently struck those defenses where they are insufficiently pled. To survive a motion to strike an estoppel claim brought in defense of an Illinois state law claim,[3] for

---

[3] First Bank does not specify which of the claims brought by Builders Bank are barred by the equitable defenses, its state law claims or its federal law claims. Although the general pleading requirements of the federal rules apply to both types of actions, the substance of the defenses themselves may differ under Illinois and federal law. Our citations in the text of this opinion are to diversity cases in which federal courts evaluated the sufficiency of affirmative defenses asserted against Illinois state law claims. Citation to those cases is meant only to provide an example of what First Bank would have to plead to survive a motion to strike on its state law claims. Federal actions may require that First Bank prove slightly different elements. *See, e.g., United States v. Philip Morris, Inc.*, No. Civ.A. 99-2496, 2004 WL 111820 (D. D.C. January 23, 2004) (discussing the elements of laches, estoppel, and waiver defenses in a RICO action). This confusion over whether state or federal law would apply is yet another reason why First Bank's fourth affirmative defense is insufficient to put the plaintiff on notice of the defenses asserted against it.

example, the defendant must at least allege that 1) the other party acted; 2) the defendant reasonably relied on the act; and 3) changed its position for the worse based on that reliance. *Bobbit*, 532 F. Supp. at 738. First Bank fails even to pinpoint what act forms the basis of its estoppel defense. Similarly, a laches defense in Illinois requires at least a basic allegation that the plaintiff's delay in filing suit caused some harm to the defendant. *Id.* at 739. First Bank does not allege that it suffered any harm as a result of Builders Bank's alleged delay in filing suit. Finally, waiver is the intentional relinquishment of a known right. *Pantle v. Industrial Comm'n*, 335 N.E. 2d 491, 496 (Ill. 1975). In this case, we do not even know what right Builders Bank allegedly relinquished. In short, Builders Bank knows nothing about the factual underpinnings of any of First Bank's equitable defenses. We thus find that First Bank's fourth affirmative defense fails to comply with the notice pleading standards of the federal rules and strike it from First Bank's answer.

## CONCLUSION

For the foregoing reasons, we deny Builders Bank's Motion to Strike First Bank's third, fifth, sixth, seventh, and eighth affirmative defenses. We grant the Motion to Strike First Bank's first, second, and fourth affirmative defenses, but grant leave to amend within 20 days of the issuance of this opinion; if it so chooses. It is so ordered.

Marvin E. Aspen
United States District Judge

Dated: 3/24/04