## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 4959 | **DATE** | 6/28/2004 |
| **CASE TITLE** | Builders Bank vs. First Bank & Trust Co., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing re-set for 8/12/2004 at 10:30 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: Defendant Winter's motion to dismiss (33-1 & 33-2) is granted. Because the mail and wire allegations do not meet (9b)'s particularity requirements, Counts III, IV and V are dismissed without prejudice. We also will exercise supplemental jurisdiction over the state law claims against Winter. Plaintiff is given to and including 7/20/04, in which to file an amended complaint. The status hearing set for 6/29/04 is stricken.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | JUN 3 0 2004 | |
| | Notified counsel by telephone. | | date docketed | 43 |
| | Docketing to mail notices. | | AP | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 6/28/2004 | |
| | | | date mailed notice | |
| GL | courtroom deputy's initials | | GL | |
| | | | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BUILDERS BANK, an Illinois state )
chartered bank, )
  )
  )
 Plaintiff, )
  )
v. )
  ) Case No. 03 C 4959
FIRST BANK & TRUST COMPANY OF )
ILLINOIS, an Illinois state chartered bank; )
MICHAEL WINTER; and ROBERT )
HERSHENHORN, )
  )
  )
 Defendants. )

**DOCKETED**
**JUN 3 0 2004**

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Plaintiff Builders Bank filed a nine-count Second Amended Complaint ("Complaint") against Defendants First Bank & Trust Company of Illinois ("First Bank"), Michael Winter and Robert Hershenhorn alleging conspiracy (Count I), fraudulent misrepresentation (Count II), violation of the federal Racketeer Influenced and Corrupt Organizations Act ("RICO") (Counts III, IV, and V), breach of fiduciary duty against Winter (Count VI), breach of employment agreement against Winter (Count VII), and breach of contractual agreement to repay bonus against Winter (Count VIII). Builders Bank has also requested a declaratory judgment regarding First Bank's right of set-off against Winter and his wife (Count IX). Presently before us is Winter's omnibus motion to dismiss. For the reasons stated below, we grant Winter's motion to dismiss as to Counts III, IV and V, though without prejudice.

However, we will continue to exercise supplemental jurisdiction over Counts I, II, VI, VII, VIII and IX. Winter is instructed to respond to those claims.

## BACKGROUND

The following facts are adopted from Builders Bank's complaint and are assumed to be true for the purpose of this motion. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). Plaintiff Builders Bank alleges that the defendants, including Winter, wrongfully induced Builders Bank to purchase loans that were in default or otherwise non-performing. The defendants allegedly convinced Builders Bank that the loans were in good standing by extending their due dates so that they would not appear to be in default. Builders Bank's complaint includes state law conspiracy and fraudulent misrepresentation charges as well as allegations that defendants violated the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq*. The RICO allegations are based on predicate acts of alleged mail and wire fraud. Builders Bank further alleges that Winter breached his fiduciary duty as CEO and Senior Lending Officer of Builders Bank in a variety of ways, including by misappropriating bank assets, making unauthorized transactions and then covering them up, failing to obtain and provide the Bank with adequate information concerning the creditworthiness of potential borrowers, intentionally failing to disclose or obtain information concerning loan disbursements, and engaging in unsound practices regarding bank loans. Builders Bank also alleges that Winter breached his employment agreement as well as his contractual agreement to repay his bonus.

Winter has now moved to dismiss, arguing that Builders Bank failed to meet the particularity requirement of Fed. R. Civ. P. 9(b) and that the complaint fails to state a RICO claim. Winter also argues that this court cannot exercise subject matter jurisdiction over the state law claims against him because once the RICO counts have been dismissed, the court has no original jurisdiction.

## ANALYSIS

### I. Standard of Review

The purpose of a motion to dismiss under Rule 12(b)(6) is to decide the adequacy of the complaint, not the merits of the case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a motion to dismiss, we must accept all well-pled allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *See MCM Partners, Inc. v. Andrews-Bartlett & Assoc., Inc.*, 62 F.3d 967, 972 (7th Cir. 1995), *aff'd* 161 F.3d 443 (7th Cir. 1998), *cert. denied* 528 U.S. 810 (1999). Therefore, a complaint should not be dismissed "unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

### II. Counts III, IV and V: The RICO Claims

To survive a motion to dismiss on a RICO claim, a plaintiff must allege with particularity the "1) conduct; 2) of an enterprise; 3) through a pattern 4) of racketeering activity." *Richmond v. Nationwide Cassel, L.P.*, 52 F.3d 640, 644 (7th Cir. 1995) (citing *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985)). Defendant alleges that Builders Bank has failed to meet this standard by not pleading his RICO claim with particularity as required by Federal Rule of Civil Procedure 9(b) and by failing to allege a pattern of racketeering activity.

#### A. The Fed. R. Civ. P. 9(b) Particularity Requirement

Winter claims that Builders Bank has not met the Fed. R. Civ. P. 9(b) particularity requirement and, therefore, we cannot rely on allegations of mail and wire fraud to allege a pattern of racketeering activity. Rule 9(b) provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." To state a claim under RICO, a plaintiff must allege "the identity of the person making the misrepresentation, the time, place, and content of the

3

misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *Sears v. Likens*, 912 F.2d 889, 893 (7th Cir. 1990); *see also Graue Mill Dev. Corp. v. Colonial Bank & Trust Co.*, 927 F.2d 988, 992-93 (7th Cir. 1991); *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990).

In the present case, we must determine whether the plaintiff's descriptions of the mail and wire fraud allegations are stated with the particularity required. In the RICO context, courts adhere closely to the particularity requirement and, thus:

> a plaintiff who relies upon acts of mail and wire fraud as the basis for a RICO claim must do more than outline a scheme and make loose references to mailings and telephone calls; rather, the plaintiff must be careful to allege such particulars as who initiated the communication, when the communication took place, the contents of the communication, and how that communication furthered the scheme to defraud.

*R.E. Davis Chem. Corp. v. Nalco Chem. Co.*, 757 F. Supp. 1499, 1515 (N.D. Ill. 1990); *see also Landon v. GTE Communications Servs., Inc.*, 696 F. Supp. 1213, 1218 (N.D. Ill. 1988) (Aspen, J.). In the context of a RICO claim, such specificity is necessary to assess whether the predicate acts are "ongoing over an identified period of time so that they can fairly be viewed as constituting separate transactions." *Balabanos v. North Am. Inv. Group, Ltd.*, 684 F. Supp. 503, 507 (N.D. Ill. 1988) (citing *Morgan v. Bank of Waukegan*, 804 F.2d 970, 975 (7th Cir. 1986)).

In its complaint, although Builders Bank alludes to the parties who may have been involved in the alleged communications (Compl., ¶¶ 13, 17, 27, 33, 40), it does not sufficiently describe the "time, place, and content" of those communications. *Sears*, 912 F.2d at 893. When referring to the predicate acts of mail and wire fraud, the complaint merely claims that the alleged racketeering activity was furthered as "First Bank, Hershenhorn and Winter used interstate mails and wires in conducting banking business." (Compl., ¶ 27.) Never does the complaint identify a specific communication, but rather speaks of the predicate acts generally, saying, "[t]he repeated sending of mail and wire communications

4

by First Bank, as well as receiving mail and wire transfers from Builders in connection with each of the above loans were predicate acts which constitute a pattern of racketeering activity in violation of 18 U.S.C. §1962(c)..." The RICO standard requires the plaintiff to identify exact dates, the content of, and participants in alleged mail and wire fraud. Builders Bank has failed to meet this requirement. Given the strict adherence to Rule 9(b)'s particularity requirements in RICO actions, the complaint's brief sketch of a string of communications regarding the alleged racketeering activity is insufficient to support a RICO claim.[1]

## B. The Morgan Factors

The particularity requirement notwithstanding, Winter further argues that the plaintiff's complaint fails to meet a second requirement for a RICO allegation: showing a pattern of racketeering activity. *Richmond*, 52 F.3d at 644. The RICO statute roughly defines a pattern of racketeering activity as consisting of at least two predicate acts within a ten-year period. 18 U.S.C. § 1961(5). The Supreme Court furthered that definition by requiring a "continuity plus relationship" formula, saying "a plaintiff... must show that the racketeering predicates are related, *and* that they amount to or pose a threat of continued criminal activity." *H.J., Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 239 (1989). The Seventh Circuit has consistently assessed the presence of a pattern of racketeering activity by evaluating the allegations in the context of the following factors: 1) the number and variety of predicate acts; 2) the time period of the alleged activity; 3) the number of victims; 4) the presence of separate schemes; and 5) the occurrence of distinct injuries. *Morgan v. Bank of Waukegan*, 804 F.2d 970, 975

---

[1] The Seventh Circuit generally relaxes 9(b)'s particularity requirement when the plaintiff lacks access to information required to state his claim with particularity, especially when that information is in the hands of the defendant and will likely come out in discovery. *Corley v. Rosewood Care Ctr., Inc.*, 142 F.3d 1041, 1050 (7th Cir. 1998); *see also Schiffels v. Kemper Fin. Serv., Inc.*, 978 F.2d 344, 353 (7th Cir. 1992). However, the plaintiff has not indicated that this exception to the particularity requirement is applicable to the present case.

(7th Cir. 1986). Together, these factors "provide the lens through which the courts may focus on the existence of 'continuity plus relationship.'" *Meyer Material Co., v. Mooshol*, 188 F. Supp.2d 936, 941 (N.D. Ill. 2002). We address each factor in turn.

### i) The Number and Variety of Predicate Acts

Although Winter claims that mail and wire fraud do not necessarily constitute predicate acts forming a pattern of racketeering activity, the Seventh Circuit has found instances where multiple examples of fraud were seen as a pattern when they involved separate and distinct transactions. *See Ashland Oil, Inc. v. Arnett*, 875 F.2d 1271, 1279 (7th Cir. 1989); *see also Liquid Air Corp. v. Rogers*, 834 F.2d 1297 (7th Cir. 1987); *Appley v. West*, 832 F.2d 1021 (7th Cir. 1987). The facts as alleged in Builders Bank's complaint imply that the mail and wire communications did indeed involve many different transactions despite the fact that the transactions themselves were similar in nature. (Compl., ¶ 47.) At the same time, "the raw number of predicate acts [alleged] has never been determinative, especially when only mail and wire fraud are alleged." *Ashland Oil*, 875 F.2d at 1278. We thus move on to the next factor of the *Morgan* test.

### ii) The Time Period of the Alleged Activity

Each of the Seventh Circuit cases cited above (*Ashland Oil*, *Liquid Air Corp.*, and *Appley*) was found to involve a pattern of racketeering activity in part because the activity threatened to continue in the future. *McDonald v. Schencker*, 18 F.3d 491, 498 (7th Cir. 1994). In formulating the RICO statute, Congress was addressing the problem of "longterm criminal conduct." *H. J.*, 492 U.S. at 242. In other words, "predicate acts extending over a few weeks or months and threatening no future criminal conduct" do not establish a pattern of racketeering activity. *Id.*

Because the complaint does not meet the particularity required of a RICO allegation, we cannot properly assess the time period over which the predicate acts (in this case, the instances of mail and wire

6

fraud) were committed or whether or not they threaten future criminal conduct. Plaintiff alleges that the predicate acts occurred over a period of at least two years. As Builders Bank points out, this district has indeed found periods of two years or less sufficient to meet the RICO standard. *See Northbrook v. Baker*, No. 94 C 3827, 1994 U.S. Dist. LEXIS 16064 (N.D. Ill. Nov. 4, 1994) (Zagel, J.).

### iii) The Number of Victims

Builders Bank fails to allege with particularity the victims affected by the alleged RICO violations. *See Shoshoo v. Bruti Assoc., Ltd.*, No. 90 C 6388, 1991 U.S. Dist. LEXIS 8834, *8 (N.D. Ill., July 1, 1991) (granting a motion to dismiss where the plaintiff failed to identify with particularity other homeowners allegedly defrauded by the defendant). Despite its assertion that Builders Bank shareholders were also injured by defendant's activity, its complaint only specifically identifies one victim: Builders Bank. The plaintiff has therefore failed to meet this element of the particularity requirement.

### iv) The Presence of Separate Schemes

"[A] single scheme with only one injury, even though it required several acts of wire or mail fraud to accomplish it, does not fall within the ambit of RICO." *Continental Grain Co. v. Pullman Standard, Inc.*, 690 F. Supp. 628, 632 (*citing Marks v. Pannell Kerr Forster*, 811 F.2d 1108 (7th Cir. 1987); *Liquid Air Corp. v. Rogers*, 834 F.2d 1297 (7th Cir. 1987)). However, the acts alleged against the defendant may not be merely "fraudulent representations with respect to only a single transaction." *Greenberg v. Technicare Corp.*, No. 85 C 5436, 1986 U.S. Dist. LEXIS 15721 *16 (N.D. Ill. Jan. 2, 1987). Builders Bank does allege separate transactions in each of the purchased loans and, if pled with particularity, Builders Bank may be able to show that each individual loan purchased constitutes a singular scheme to defraud and cause specific monetary injury.

7

#### v) The Occurrence of Distinct Injuries

Plaintiff correctly points out in its response to the motion to dismiss that "repeated infliction of economic injury" may be considered distinct injuries and thus provide sufficient support for a pattern of racketeering. *Uniroyal Goodrich Tire Co. v. Mutual Trading Corp.*, 749 F. Supp. 869, 874 (N.D. Ill. 1990). Therefore, if Builders Bank can allege separate instances of economic injury with particularity, those allegations may be sufficient to meet the standard.

Taking all of the *Morgan* factors together, Builders Bank has not demonstrated a pattern of racketeering activity because it has not alleged each of the *Morgan* factors with sufficient particularity.

### C. Failure to Plead Other Elements of Plaintiff's RICO Claims

Winter claims that Builders Bank's complaint fails to meet the requirements for a RICO allegation on three additional fronts by: 1) failing to allege receipt of income from racketeering activities; 2) failing to allege RICO injury; and 3) failing to allege RICO conspiracy.

Plaintiff does not address the first requirement, receipt of income from racketeering activities, in its response. Such an allegation is required to state a claim against a defendant under 18 U.S.C. § 1962(a) because the statute specifies unlawful activity as first "receiv[ing] any income derived, directly or indirectly, from a pattern of racketeering activity or through collection of an unlawful debt...." To properly assert a RICO claim against Winter, Builders Bank must allege that Winter received some income from the alleged fraudulent scheme. Thus, dismissal of the complaint is proper on that ground.

On the second issue, a RICO injury, Builders Bank's complaint also fails to satisfy the RICO pleading standard. (Compl. ¶¶ 17, 29-31, 37.) As defendant states, § 1962(a) requires that the plaintiff allege an injury that was "proximately caused by the defendant's *use or investment of the income derived from racketeering activity.*" (Motion p. 13) Again, the standard for claiming such an allegation requires a high level of specificity since Builders Bank must claim some direct injury from the use of fraudulently

8

received funds. Builders Bank has not met that standard, therefore dismissal of the complaint is proper on that ground.

Concerning the third issue, plaintiff must plead that a conspiracy existed to use the racketeering activity income in the operation of First Bank. *Schiffels v. Kemper Fin. Servs.*, 978 F.2d 344, 352 (7th Cir. 1992). Further, Builders Bank must allege that each defendant, including Winter, actively took part in that conspiracy; it cannot rely on conclusory allegations of conspiracy to do so. *Id.* Because Builders Bank has not met the standard required for this issue, dismissal of the complaint is proper on that ground.

### D. State Law Claims and Supplemental Jurisdiction

Because we dismiss the RICO claims without prejudice, we must consider whether we should exercise supplemental jurisdiction over Builders Bank's state law claims. While district courts have discretion as to whether they will continue to exercise supplemental jurisdiction, the Seventh Circuit generally dismisses without prejudice supplemental state law claims once all federal claims have been eliminated. *See Groce v. Eli Lily & Co.*, 193 F.3d 496, 501 (7th Cir. 1999); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). However, the present case offers a unique set of circumstances. Two co-defendants have already answered the very complaint which defendant challenged with this motion. The state claims against Winter arise from the same set of facts as those claims against the other defendants and, as is required by 28 U.S.C. § 1367, are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

In determining whether to entertain its state law claims against Winter, this Court should also measure "considerations of judicial economy, convenience and fairness to litigants." *United Mine Workers*, 383 U.S. at 726. Given the already complicated history of this litigation (laid out on pages

one, two and three of Builders Bank's response to the motion to dismiss) and the presence of this case in this court against other parties, we will exercise supplemental jurisdiction over the state claims against Winter.

## CONCLUSION

Because the mail and wire allegations do not meet 9(b)'s particularity requirements, Counts III, IV, and V are dismissed without prejudice.[2] We also will exercise supplemental jurisdiction over the state law claims against Winter. It is so ordered.

MARVIN E. ASPEN
United States District Judge

Dated 6/28/04

---

[2] In his motion to dismiss, Winter argues that the dismissal should be with prejudice, but we disagree. Although Builders Bank has already filed a second amended complaint, the changes made did not concern these RICO allegations and the plaintiff has not previously been put on notice that the 9(b) particularity requirements have not been met.

10