Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 4959 | **DATE** | 10/26/2004 |
| **CASE TITLE** | Builders Bank vs. First Bank, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: Builders Bank's RICO's claims against First Bank, Hershenhorn, and Winter (Counts III, IV, V) are dismissed with prejudice and the pendent state law claims (Counts I, II, VI, VII, VIII, IX) and First Bank's counterclaim are remanded to the Circuit Court of Cook County, Illinois. The clerk of the Court is directed to remand the above-cause of action to the Circuit Court of Cook County. The status and ruling date of 10/28/04 is stricken. Any pending motions are moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | OCT 27 2004 | |
| | Notified counsel by telephone. | | date docketed | 64 |
| | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 10/26/2004 | |
| | | | date mailed notice | |
| GL | courtroom deputy's initials | 2004 OCT 26 PM 2:47 Date/time received in central Clerk's Office | GL mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BUILDERS BANK, an Illinois state )
chartered bank, )
 )
      Plaintiff, )
 )
      v. )   No. 03 CV 04959
 )
FIRST BANK AND TRUST COMPANY )
OF ILLINOIS, an Illinois state chartered )
bank; MICHAEL WINTER; and )
ROBERT HERSHENHORN )
 )
      Defendant. )

DOCKETED
OCT 27 2004

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Plaintiff Builders Bank filed a nine-count Second Amended Complaint ("Complaint") against defendants First Bank & Trust Company of Illinois ("First Bank"), Michael Winter ("Winter"), and Robert Hershenhorn ("Hershenhorn"). Builders Bank asserts federal claims for violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO") (Counts III, IV, and V) and state law claims for conspiracy (Count I), fraudulent misrepresentation (Count II), breach of fiduciary duty against Winter (Count VI), breach of employment agreement against Winter (Count VII), and breach of contract against Winter (Count VIII). Builders Bank has also requested a declaratory judgment regarding First Bank's right of set-off against Winter and his wife (Count IX). First Bank has filed a counterclaim against Builders Bank seeking performance on a letter of credit.

In our June 30, 2004 Memorandum Opinion and Order, we granted defendant Winter's motion to dismiss the RICO claims against him, without prejudice, and we retained supplemental jurisdiction over the remaining state law claims. *See Builders Bank v. First Bank & Trust Co. of Illinois*, No. 03-04959, 2004 WL 1497766, *6 (N.D. Ill. June 30, 2004). Presently before us is Builders Bank's motion



to voluntarily dismiss its RICO claims against First Bank and Hershenhorn without prejudice; Builders Bank also urges that we continue to exercise supplemental jurisdiction over the state law claims. First Bank, Hershenhorn, and Winter oppose this motion and ask us to dismiss the RICO claims with prejudice and to decline to exercise supplemental jurisdiction. For the reasons stated below, we dismiss Builders Bank's RICO claims (Counts III, IV, V) against First Bank, Hershenhorn, and Winter, with prejudice, and we remand the pendent state law claims (Counts I, II, VI, VII, VIII, IX) and First Bank's counterclaim to the Circuit Court of Cook County, Illinois.

## I. BACKGROUND

The following facts are adopted from Builders Bank's Complaint and are assumed to be true for the purpose of this motion. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). Plaintiff Builders Bank alleges that First Bank, Hershenhorn, and Winter wrongfully induced Builders Bank to purchase loans that were in default or otherwise non-performing. The defendants allegedly convinced Builders Bank that the loans were in good standing by extending their due dates, so that they would not appear to be in default.

Builders Bank's Complaint includes allegations that the defendants violated RICO, the federal Racketeer Influenced and Corrupt Organizations Act, based on predicate acts of alleged mail and wire fraud. 18 U.S.C. § 1961, *et seq.* To survive a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss on a RICO claim, a plaintiff must allege with particularity the "1) conduct; 2) of an enterprise; 3) through a pattern 4) of racketeering activity." *Richmond v. Nationwide Cassel, L.P.*, 52 F.3d 640, 644 (7th Cir. 1995) (citing *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985)). To satisfy the particularity requirement of Federal Rule of Civil Procedure 9(b) in alleging a RICO violation, a plaintiff must allege "the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff."

2

*Sears v. Likens*, 912 F.2d 889, 893 (7th Cir. 1990); *see also Graue Mill Dev. Corp. v. Colonial Bank & Trust Co.*, 927 F.2d 988, 992-93 (7th Cir. 1991); *Dileo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990).

In our June 30, 2004 Order, we held that Builders Bank's Complaint, which briefly sketches a string of communications regarding the alleged racketeering activity, was insufficient to support a RICO claim against Defendant Winter because it did not identify exact dates, the content of, and participants in the alleged mail and wire fraud. Furthermore, because the Complaint only identified one victim and failed to plead the predicate acts of racketeering with particularity, Builders Bank did not sufficiently plead a pattern of racketeering activity. *Morgan v. Bank of Waukegan*, 804 F.2d 970, 975 (7th Cir. 1986). Finally, Builders Bank's complaint failed to meet the requirements for a RICO allegation for three additional reasons: 1) failing to allege receipt of income from racketeering activities; 2) failing to allege RICO injury; and 3) failing to allege RICO conspiracy.

We dismissed the RICO claims against Winter without prejudice because, although Builders Bank had already filed a second amended complaint, the changes made did not concern the RICO allegations, and, thus, Builders Bank had not previously been put on notice that the 9(b) particularity requirements were not met. Builders Bank did not re-plead the RICO allegations after our June 30, 2004 Order put them on notice, admitting that it "lacks a sufficient factual basis at this time to satisfy all of the specific pleading requirements" outlined in our opinion. Builders Bank has not and will not file an amended complaint alleging RICO violations against Winter.

Builders Bank now moves pursuant to Federal Rule of Civil Procedure 41(a)(2) to voluntarily dismiss the RICO claims against First Bank and Hershenhorn, without prejudice, and for our court to retain supplemental jurisdiction over the remaining state law claims. Builders Bank requests that we grant its motion to voluntary dismiss the RICO claims *without prejudice* because it plans "to pursue [the]

3

factual underpinnings" for a RICO claim in discovery. First Bank and Hershenhorn oppose this motion, asking for dismissal with prejudice and for the court to relinquish jurisdiction over the remaining state claims. Winter joined in this opposition.

## II. ANALYSIS

### A. Voluntary Dismissal of RICO Claims

Rule 41(a)(2) provides in relevant part that:

> Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and *upon such terms and conditions as the court deems proper.*

Fed. R. Civ. P. 41(a)(2) (emphasis added). Permitting a plaintiff to voluntarily dismiss an action without prejudice, under Rule 41(a)(2), is within the sound discretion of the district court. *Tolle v. Carroll Touch, Inc.*, 23 F.3d 174, 177 (7th Cir. 1994). Furthermore, the district court is free to impose such terms and conditions as it believes necessary, including dismissal with prejudice. *Ratkovich v. Smith Kline*, 951 F.2d 155, 157-58 (7th Cir. 1991). The district court's terms and conditions of dismissal are the "quid pro quo of allowing the plaintiff to dismiss his suit." *McCall-Bey v. Franzen*, 777 F.2d 1178, 1184 (7th Cir. 1985).[1]

As we explained above, we originally granted defendant Winter's motion to dismiss without prejudice because Builders Bank failed to plead the RICO claim with particularity, as required by Federal Rule of Civil Procedure 9(b). After availing Builders Bank of this heightened requirement, giving it an opportunity to amend its complaint, Builders Bank stated that it did not have the facts necessary to satisfy the pleading requirements of a RICO claim against any of the defendants. While

---

[1] Builders Bank argues that First Bank and Hershenhorn should not have the RICO claims against them dismissed *with* prejudice, because the voluntary dismissal without prejudice was sought pursuant to an agreement between the parties and that First Bank and Hershenhorn had already answered the complaint. However, once a plaintiff files for voluntary dismissal under Rule 41(a)(2), as explained above, the court, in its discretion, may dismiss a claim with or without prejudice.

plaintiff hopes "to pursue such factual underpinnings in discovery," he should not be allowed to do so.[2] This strategy undermines one of the main purposes of Rule 9(b): the elimination of conclusory complaints filed as a pretext for using discovery to uncover unknown wrongs. *See Levine v. Prudential Bach Properties, Inc.*, 855 F. Sup. 924, 929 (N.D. Ill. 1994); *see also Pizzo v. Bekin Van Lines Co.*, 258 F.3d 629, 633 (7th Cir. 2001) ("We are not impressed by Pizzo's argument that with pretrial discovery she might discover additional frauds. . . . The defendants should not be put to the burden of litigating a RICO suit beyond the pleadings by allegations as thin as in this case."); *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 777 (7th Cir. 1994) (recognizing that minimization of "strike suits" and "fishing expeditions" is one of three main purposes of Rule 9(b)). Builders Bank has admitted it does not have a sufficient factual basis to re-plead RICO claims with particularity, and it may not use discovery in the hopes of doing so. We dismiss the RICO claims against all defendants with prejudice.

### B. Supplemental Jurisdiction

Having dismissed the RICO claims, we must decide whether to retain supplemental jurisdiction over the remaining state law claims. In our June 30, 2004 Order, we dismissed the RICO claims against defendant Winter without prejudice, but we retained supplemental jurisdiction over the remaining state claims against Winter. *Builders Bank*, 2004 WL 1497766 at *6. We did so because co-defendants First Bank and Hershenhorn had answered the RICO claims in the complaint and the state claims against Winter arose out of the same set of facts as the RICO claims against the other defendants. *Id.* With the

---

[2]There is one exception for relaxing the particularity requirement of Rule 9(b). *Uni\*Quality, Inc. v. Infotronx, Inc.*, 974 F.2d 918, 923 (7th Cir. 1992). To meet this exception, a plaintiff must specifically allege in the complaint that the information needed to meet Rule 9(b)'s heightened pleading standard was in the sole possession of the defendant. *Goren v. New Vision Int'l Inc.*, 156 F.3d 721, 729 n.6 (7th Cir. 1998); *Corley v. Rosewood Care Ctr., Inc.*, 142 F.3d 1041, 1051 (7th Cir. 1998). Builders Bank's Complaint makes no mention of specific information held solely by the defendants, which, if discovered, would allow Builders to meet Rule 9(b)'s particularity requirement.

remaining federal claims now dismissed against all defendants, we must revisit the decision to retain supplemental jurisdiction.

A district court may retain supplemental jurisdiction over state law claims even after it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). Courts have consistently recognized that "pendent jurisdiction is a doctrine of discretion, not of plaintiff's right." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). In fact, the Seventh Circuit has characterized the district court's discretion to relinquish pendent jurisdiction as "almost unreviewable," especially when all federal claims have been dropped from the case before trial and only state law claims remain. *Kennedy v. Schoenberg, Fisher & Newman, Ltd.*, 140 F.3d 716, 728 (7th Cir. 1998) (citing *Huffman v. Hains*, 865 F.2d 920, 923 (7th Cir. 1989)).

As a general rule, "[W]hen all federal law claims are dismissed before trial, the pendent claims should be left to the state courts." *Wright v. Assoc. Ins. Cos. Inc.*, 29 F.3d 1244, 1252 (7th Cir. 1994). When federal claims are eliminated before trial, a court may retain jurisdiction, at its discretion, after balancing, "the nature of the state law claims at issue, their ease of resolution, and the actual, and avoidable, expenditure of judicial resources..." *Timm v. Mead Corp.*, 32 F.3d 273, 277 (7th Cir. 1994). "[D]ismissal at the pleading stage usually counsels strongly in favor of relinquishing jurisdiction because at that point in a case 'judicial resources' typically are yet to be heavily tapped." *Id.* at 277 n.2.
The Seventh Circuit has articulated three exceptions to the general rule that jurisdiction over pendent state claims should be relinquished if all federal law claims have been dismissed before trial. *Wright*, 29 F.3d at 1251-52. First, if the statute of limitations has run on the pendent claim, precluding the filing of a separate suit in state court, the federal court should retain jurisdiction. *Id.* at 1251. This exception does not apply to our case.

6

The second occasion for retaining jurisdiction over state law claims occurs when "substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of effort." *Id.* In *Timm v. Mead*, for example, the Seventh Circuit found that the district court properly exercised supplemental jurisdiction over state law claims after dismissing all federal claims under this exception. 32 F.3d at 277. When the federal claims had been eliminated in that case, the state law claims were "ripe for decision, the applicable state law was straightforward, the litigation was well over a year old, and discovery, which had been at times contentious, was completed." *Id.* at 277. In the present case, the state law claims have not been briefed, the applicable state law is not straightforward, and discovery is not close to completion. We have not spent time familiarizing ourselves with the state law that would be necessary to apply to the state claims, nor are we familiar with the facts that underpin the state law claims. Because the judicial resources we have expended have been focused on the propriety of the federal RICO allegations, significant judicial resources have not yet been devoted to the state law claims.

The third occasion for federal retention of state law claims occurs when it is "abundantly clear" how the pendent claims should be decided or when the state claims are patently frivolous. *Id.*; *Wright*, 29 F.3d at 1252. A federal district court may decide a state claim rather than return "doomed litigation" to state court that will only be dismissed once it arrives in state court. *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 502 (7th Cir. 1999). Because we are not close to a point where we could decide this case, we cannot say that it is "abundantly clear" how the state claims should be decided.

The exceptions the Seventh Circuit has outlined for retaining pendent jurisdiction over state claims when no federal claims remain do not apply in this case. The state claims are, therefore, remanded to state court pursuant to 28 U.S.C. § 1367(c).

## III. CONCLUSION

For the reasons stated above, Builders Bank's RICO claims against First Bank, Hershenhorn, and Winter (Counts III, IV, V) are dismissed with prejudice and the pendent state law claims (Counts I, II, VI, VII, VIII, IX) and First Bank's counterclaim are remanded to the Circuit Court of Cook County, Illinois. It is so ordered.

MARVIN E. ASPEN
United States District Judge

Dated 10/26/04